CHRISTOPHER *v.* THE STATE.

No. 7468. DECEMBER 12, 1929.

*Robert Ramspeck* and *P. K. Burns,* for plaintiff in error.
*Claude C. Smith, solicitor-general,* contra.

GILBERT, J. The exception is to the overruling of a motion for new trial based solely upon the general grounds. LeRoy Christopher was indicted for the murder of his wife. On the trial he entered a plea of not guilty, but did not otherwise deny committing the homicide. The State proved the killing under circumstances excluding justification. There was evidence tending to show that the mind of the accused was not normal, and there was evidence to the contrary. The evidence, considered as a whole, was sufficient to support the verdict as against the contention that the accused was mentally incapable of committing the crime.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J. I concur in the judgment of affirmance, though not without serious misgivings. I am constrained to do so because of my absolute adherence to the sound rule which makes the jury in every legal trial the absolute and final judges of the real facts of every case as based upon the jury's opinion and judgment in determining the credibility of the witnesses. It seems to me, although the law presumes every one sane until the contrary is made to appear, and in a criminal case the burden is upon the defendant to rebut this presumption, that the defendant established by a preponderance of the evidence, both circumstantial and direct, the fact that he was insane at the time of the commission of the alleged

crime. The material witnesses upon this point were laymen, some testifying that in their opinion the accused was sane, and others testifying that in their opinion he was insane. Several doctors were sworn, but their testimony, to my mind, throws no light on the question whether the accused was insane at the time he committed the homicide. One of the physicians who was examined declined to express any opinion as to the sanity of the defendant. The testimony of other physicians related to a period of time several years before the homicide. One of them, Dr. Mashburn, testified that the accused was of unsound mental condition, or not right, at the time he made an assault upon his mother several years before, but that he recommended treatment instead of sending the deceased to the asylum, and that he thought at that time the treatment had been successful. Without going into details, no expert testified positively or in terms that the defendant was sane at the time of the homicide. The circumstances of the killing are so horrible that the act can hardly be conceived to be that of a rational being; and the acts and conduct of the defendant, both before and after the homicide, are those which, even if simulated, would denote a demented person. But the jury had the right to believe the testimony of the nonexpert witnesses who testified that in their opinion the accused was sane at the time he committed the homicide. No objection of any kind was made to the introduction of this evidence. The jury have believed it. The jury had the undoubted right to give the preference to the testimony in behalf of the State over the testimony introduced in behalf of the defendant. I have no lawful power to dissent.